IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Leon Cheatham,<br> Plaintiff, | )<br>)<br>) |
| v. | )   1:13cv1082 (CMH/JFA) |
| | ) |
| William Muse and Harold W. Clarke,<br> Defendants. | )<br>) |

MEMORANDUM OPINION

Leon Cheatham, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights to due process and equal protection and intentionally treated him in a discriminatory manner when they determined that he was ineligible for discretionary parole. By an Order entered August 13, 2013, the complaint was dismissed, without prejudice, on the holding that plaintiff's claim should have been brought in a petition for habeas corpus relief pursuant to 28 U.S.C. §2254. The United States Court of Appeals for the Fourth Circuit vacated the dismissal and remanded the matter for further proceedings after finding that Cheatham's claim appropriately could be pursued in a § 1983 action. Cheatham v. Muse, R. No. 13-7561 (4th Cir. Feb. 18, 2014). Dkt. No. 11-13. Defendants have now filed a Motion for Summary Judgment accompanied by a supporting memorandum and exhibits, and have provided plaintiff with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Dkt. No. 33-35. Plaintiff has filed a memorandum opposing defendants' summary judgment motion, Dkt. No. 38, followed by several additional motions for various forms of relief. Dkt. No. 42-45, 47-49. For the reasons which follow, defendants' Motion for Summary Judgment will be granted, plaintiff's Motion for

Leave to Amend the complaint will be denied, and the remaining motions for additional relief will be denied, as moot.

## I. Background

Plaintiff is an inmate committed to the Virginia Department of Corrections ("VDOC"), having begun the service of a 58-year sentence on August 14, 1986. The sentence resulted from plaintiff's conviction on July 16, 1986 in the Norfolk Circuit Court of eleven separate offenses for which he was sentenced consecutively. Def. Ex. 1, ¶ 4.[1] Among those offenses were three separate robbery convictions in which a weapon was present or implied. Specifically, on November 14, 1985, Cheatham robbed the manager of a filling station in Norview Avenue in Norfolk by force, threat or intimidation. On that same day, also in the city of Norfolk, Cheatham robbed two women of their purses and currency at a bus stop on North Military Highway by force, threat or intimidation. Id. ¶ 6. The following day, November 15, 1985, Cheatham robbed the manager of a used car dealership in Norfolk by force threat, or intimidation. Id. ¶ 7. And on November 16, 1985, Cheatham used force, threat or intimidation in attempting to rob a man who was getting into his car, during which incident Cheatham shot the man through the left arm and abdomen. Id. ¶ 8. Cheatham in this proceeding does not dispute the accuracy of this synopsis. Plf. Mem. at 5 ("Cheatham concedes to Defendant's paragraphs 1 through 9 ....")

On July 1, 1982, § 53.1-151(B1) of the Virginia Code was enacted. Def. Ex. 1, ¶ 10. That provision provides that "[a]ny person convicted of three separate felony offenses of (I) murder,

---

[1]Defendants' Exhibit 1 is an affidavit by Wendy Brown, the Legal Services Community Release Manager for VDOC. She manages the Court and Legal Services Section which is responsible for computing offenders' sentences and projecting their discretionary parole eligibility dates, mandatory parole release dates, and good time release dates. Id., ¶ 1.

2

(ii), rape, or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivision (I), (ii), (iii), when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole." Id. It is VDOC's responsibility to make parole determinations. Id. ¶ 11. On August 20, 1986, VDOC's Court and Legal Services determined that Cheatham was ineligible for discretionary parole pursuant to § 53.1-151(B1) based upon the three qualifying robberies during which a weapon was presented or implied. Id. ¶ 10. That determination was based on the fact that the crimes were committed on three different dates against different victims, and thus were not part of a common act, transaction or scheme. Id. ¶ 11.

Cheatham appealed VDOC's determination of his parole ineligibility to the Virginia Parole Board ("VPB") in accordance with § 53.1-151(B1), which provides that the VPB may in its discretion review a VDOC parole eligibility determination, and make its own determination pursuant to regulations promulgated by the VPB for that purpose. Def. Ex. 2 ¶ 7.[2] The VPB upheld VDOC's determination that Cheatham is not eligible for parole on May 31, 2001. Def. Ex. 1 ¶ 12; Def. Ex. 2 ¶ 6. Pursuant to the VPB's Policies and Procedures, an offender is afforded only one appeal of his parole eligibility based on § 53.1-151(B1) unless he subsequently presents new information. Nonetheless, Cheatham pursued a second appeal of his ineligibility status to the VPB.[3] Because he cited the same statute upon which he had relied in

---

[2] Defendants' Exhibit 2 is the affidavit of Karen Brown, the Chair of the Virginia Parole Board. Id. ¶ 2.

[3] Cheatham alleges that he sent a second appeal to VDOC in July, 2013, but VDOC has no record of having received any such appeal from him. Def. Ex. 1 ¶ 13. The VPB received a second appeal from Cheatham on December 9, 2014. Def. Ex. 2 ¶ 7. As will be seen, this discrepancy is not material to the disposition of this lawsuit.

3

his initial appeal, the VPB declined to review his second appeal. Def. Ex. 2, Ex. A ("The Parole Board denied your appeal on May 31, 2001. The Code of Virginia does not provide for further review.")

Plaintiff filed this action pursuant to § 1983 on August 28, 2013. The named defendants are Harold Clarke, the Director of VDOC, and William Muse, former Chairman of the VPB. Cheatham seeks monetary damages as well as declarative and injunctive relief.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will

identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Plaintiff's Claims are Time-Barred

Defendants make a number of arguments in support of their motion for summary judgment. Dispositive among them is the threshold contention that plaintiff's claims that defendants violated his constitutional rights are time-barred. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Va. Code. Ann. § 8.01-243(A), which is the applicable statute of limitations in this action. See Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)); see also Hardin v. Straub, 490 U.S. 536, 538 (1989) ("Courts thus should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue.").

While the limitation period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). Causes of action accrue under federal law when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24(1979)).

In this case, as Cheatham states in his complaint, VDOC determined pursuant to § 53.1-151(B1) that he was ineligible for discretionary parole in 1986. Compl. ¶ 12; accord, Def. Ex. 2 ¶ 5. Cheatham appealed, and the VPB notified him in a letter dated May 31, 2001 that it had upheld VDOC's determination. Def. Ex. 1 ¶ 12; Def. Ex. 2 ¶ 6. Under these circumstances, Cheatham's causes of action predicated on the finding that he was ineligible for discretionary parole accrued at the latest on May 31, 2001. See Richards v. Muse, No. 1:13cv1472 (CMH/JFA), 2015 WL 853886, at *4 (holding that an inmate's causes of action against VDOC and the VPB accrued when those agencies notified him that he had been found to be ineligible for discretionary parole), aff'd, 611 Fed. App'x 787 (4th Cir. Aug. 12, 2015). Since plaintiff did not file this lawsuit until August, 2013, over twelve (12) years later, the claims he raises against both defendants are time-barred.

The fact that Cheatham filed a second, unauthorized appeal to the VPB regarding his parole ineligibility in 2013 or 2014, see n. 3, supra, does not alter this conclusion. When the plaintiff in Richards did the same thing and then argued that his claims should be deemed to have accrued when he received the VPB's denial of his latest appeal request, his position was expressly found to be without merit:

6

> [Richards'] implicit argument that each requested review of his ineligibility status revived the limitations period is without merit. The date on which plaintiff's cause of action for his parole ineligibility accrued when he possessed sufficient facts that reasonable inquiry would reveal it. Nasim, 64 F.3d at 955. As discussed above, VDOC denied plaintiff parole eligibility on August 25, 1986, and he states in the complaint that he became aware of that fact in 1991. Plaintiff learned on June 5, 1995 that the VPB had upheld VDOC's decision. Indeed, in the letter denying plaintiff's appeal quoted above, he was again informed that "the original decision of the Board dated May 26, 1995 remains valid." Since the instant action was not filed until 2013, the claims presented are all untimely by a margin of many years.

Richards, 2015 WL 853886 at *5. Here, in the same manner, Cheatham possessed sufficient facts to alert a reasonably prudent person that he had been denied eligibility for discretionary parole when he received the VPB's May 31, 2001 letter rejecting his appeal of that decision by VDOC. Since this action was not filed until August, 2013, over twelve (12) years after the claims against defendants Muse and Clarke accrued, those claims are time-barred.[4] As defendants are entitled to summary judgment on that basis, it is unnecessary to consider their alternate arguments for relief.

---

[4] Plaintiff argues in his Memorandum Opposing Summary Judgment that "the process starts anew" each time he is declared parole ineligible at an annual review, and that as such he is the victim of "a continuing pattern of unlawful conduct" to which the statute of limitations does not apply. Dkt. No. 38 at 7-12. The doctrine upon which he seeks to rely has no relevance here. As Cheatham acknowledges, to establish a continuing violation, a plaintiff must show "a series of separate acts" where "the same alleged violation is committed at the time of each act." This is distinguishable from the continuing ill effects of an original violation. See A Society Without a Name v. Commonwealth, 655 F.3d 342, 348 (4th Cir. 2011). The fact that Cheatham is apprised at his annual reviews that he remains ineligible for discretionary parole is nothing more than the ongoing effect of the determination made by VDOC and the VPB in 2001, so the § 1983 claims he raises here are time-barred. See id. at 349 (finding equal protection claims time-barred where neither continuation of homeless services at old facility or addition of services at new facility constituted continuing violations, but rather amounted to continuing effects of the challenged decision which occurred more than two years before § 1983 suit was filed).

## IV. Pending Motions

After defendants filed their Motion for Summary Judgment, plaintiff filed a Motion for Leave to Amend the Complaint. Dkt. No. 42. In the proposed Amended Complaint it, he seeks to add the present affiants, Wendy Brown and Karen Brown, as defendants. In addition, he adds allegations that the denial of parole at his annual reviews amounts to a continuing pattern of unlawful conduct to which the statute of limitations does not apply. Dkt. No. 39.

Fed. R. Civ. P. 15(a) directs that leave of court to amend "shall be given freely when justice so requires." The Fourth Circuit holds that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, because plaintiff's §1983 claims stemming from his classification as ineligible for discretionary parole are time-barred, and because his attempted reliance on the doctrine of a continuing pattern of unlawful conduct is inapplicable to revive his untimely claims, see n. 4, supra, it would be futile to allow amendment of the complaint. Accordingly, the Motion to Amend will be denied, and the remaining pending motions by plaintiff and defendants will be denied, as moot.

## IV. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment will be granted. Plaintiff's Motion for Leave to Amend will be denied, and the remaining motions by all parties will be denied, as moot. An appropriate Order and Judgment shall issue.

Entered this ___9th___ day of ___Mar.___ 2017.

_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia